972 F.2d 1348
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Henry Lee WILLIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-35574.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 21, 1992.*
Decided Aug. 26, 1992.
 
 Before EUGENE A. WRIGHT, BEEZER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Henry Willis, a federal prisoner, appeals pro se the denial of his 28 U.S.C. § 2255 motion to vacate his sentence imposed upon him following his guilty plea and conviction for possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B), and the carrying of a firearm during and in relation to a drug offense, in violation of 18 U.S.C. § 924(c). Willis contends that his sentence should be set aside for two reasons: 1) he had a defense to the firearm charge because he was in legal possession of the firearm at the time of the offense and it was for sport purposes only; and 2) he received ineffective assistance of counsel, primarily due to counsel's failure to raise his defenses to the firearm charge. For the reasons discussed below, we affirm the district court's denial of Willis' section 2255 petition.
 
 
 3
 A conviction for using or carrying a firearm during and in relation to a drug trafficking offense subjects the defendant to a statutory minimum penalty of five years. 18 U.S.C. § 924(c)(1). In order to convict a defendant of a violation of section 924(c)(1), the government must prove beyond a reasonable doubt that the defendant: 1) knowingly used or carried a firearm, 2) during and in relation to a drug trafficking crime. United States v. Martinez, No. 90-30354, slip op. at 7061 (9th Cir. June 23, 1992).
 
 
 4
 Both of these requirements were satisfied in this case. By Willis' own admission that he was carrying a gun at the time of the drug sale with the agents, the first requirement--that the defendant knowingly carried a firearm during a drug offense--is fulfilled.
 
 
 5
 Close proximity of the gun to the drugs can provide the basis for concluding that it was "related" to the narcotics operation. United States v. Torres-Medina, 935 F.2d 1047, 1049 (9th Cir.1991); accord Martinez, slip op. at 7062 ("related to" requirement satisfied merely by virtue of the fact that the firearm and the drugs were found in the same room). Further, we have held that a firearm is used "in relation to" an offense if "the firearm facilitated or had a role in the crime, such as emboldening an actor who had the opportunity or ability to display or discharge the weapon to protect himself or intimidate others whether or not such display or discharge in fact occurred." United States v. Streit, 962 F.2d 894, 899 (9th Cir.1992) (quotation omitted).
 
 
 6
 In his brief, Willis readily acknowledges that he "was carrying a sports gun" during the drug trafficking transaction with the DEA agents. The gun was in the waistband of his pants during the time of the offense. At the time of sentencing Willis stated that the .45 caliber automatic he had in his possession was loaded at the time of the transaction. Under our case law, these facts would clearly support a conviction for using or carrying a firearm in a drug offense in violation of section 924(c). Moreover, contrary to the assertions made by Willis "[n]either the ownership of the firearm nor the primary non-criminal use to which the firearm is typically put is relevant." United States v. Smith, 962 F.2d 923, 931 (9th Cir.1992). Thus, the second requirement is met as well. Consequently, it was not error for the district court to deny Willis' petition based on his claim that his sentence was illegally imposed.
 
 
 7
 Because Willis would certainly have been convicted for the offense to which he pleaded guilty, his ineffective assistance of counsel claim must fail. See Hill v. Lockhart, 474 U.S. 52, 57-59 (1985) (To sustain a challenge to a guilty plea based on ineffective assistance of counsel, the petitioner must show that counsel's representation fell below an objective standard for reasonableness and, that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.). Accordingly, the judgment of the district court is affirmed.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3